NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 12-1322
_____

LEROY STERLING,
                                        Appellant
v.

REDEVELOPMENT AUTHORITY OF THE CITY OF PHILADELPHIA;
PHILADELPHIA AUTHORITY FOR INDUSTRIAL DEVELOPMENT;
CRANE ARTS, LLC; CITY OF PHILADELPHIA
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
District Court No. 2-10-cv-02406
District Judge: The Honorable William H. Yohn

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
January 18, 2013

Before: SMITH, CHAGARES, and BARRY, *Circuit Judges*

(Filed: January 25, 2013)
_____

OPINION
_____

SMITH, *Circuit Judge.*

On August 22, 2002, the Redevelopment Authority of the City of Philadelphia (RDA) and the Philadelphia Authority for Industrial Development (PAID) executed a Redevelopment Agreement obligating PAID to redevelop the premises of real estate situated in northeast Philadelphia, Pennsylvania. Under the terms of the Redevelopment Agreement, a failure to develop the premises constituted a default, thereby authorizing the RDA to "enter into the

1

Premises . . . and . . . terminate the estate that had been conveyed by the [RDA to PAID] by such deed and revest title to the Premises" in the RDA. **A389.**

Thereafter on September 10, 2002, the RDA conveyed to PAID the premises at 1425–1443 N. American Street, Philadelphia, Pennsylvania. **A402.** The Indenture conveying the N. American Street premises specified that the provisions of the August 22, 2002 Redevelopment Agreement did not merge into the Indenture. **A405.** That same day, in an Amendatory Agreement, the RDA and PAID assigned their rights and obligations for the N. American Street premises to Leroy Sterling. Sterling agreed to assume and perform all of the terms and conditions, obligations and requirements of the Redevelopment Agreement. Simultaneously, PAID executed a deed conveying the N. American Street premises to Sterling in exchange for $10,821.00. **A423.**

Sterling failed, however, to develop the property. As a result, on April 25, 2006, the RDA (1) notified Sterling that he was in default; (2) demanded that he cure or remedy the default; and (3) advised that failure to cure the default would result in the RDA pursuing its right to reenter the N. American Street premises and revest title thereto in the RDA. **A523-24.** On February 18, 2008, the RDA notified Sterling that it had exercised the power of attorney provision in the Redevelopment Agreement and revested title to the N. American Street premises in the RDA. **A536.** The RDA subsequently conveyed the N. American Street premises to Crane Arts, L.L.C. **A438.**

On April 15, 2010, Sterling sued the RDA, PAID, the City of Philadelphia and Crane Arts in the Court of Common Pleas of Philadelphia County. Among other claims, Sterling alleged that the City, the RDA and PAID violated his rights to procedural and substantive due process under the Fourteenth Amendment and that the City breached an implied contract with

2

Sterling. The City removed the action to federal court and subsequently filed a motion to dismiss under Rule 12(b)(6). The District Court granted Sterling's request to extend the discovery period for two months.

A little more than two weeks before the close of discovery, Sterling moved to amend his complaint to include a claim against Vincent Dougherty, an employee of the City's Commerce Department. The District Court denied the motion, citing Sterling's earlier knowledge of Dougherty's involvement at the Rule 16 conference, the untimeliness of the motion under the terms of its scheduling order, and the fact that allowing the amendment would essentially restart the discovery period when the trial was already scheduled.

Prior to trial, the RDA moved to exclude Sterling's expert report. The RDA and PAID also moved for summary judgment. Thereafter, the Court granted the City's motion to dismiss, granted summary judgment in part in favor of the RDA, granted summary judgment in favor of PAID, and granted the motion to exclude Sterling's expert's report. In an effort to render the Court's orders final and appealable, Sterling voluntarily dismissed Count II against the RDA and Count IV against Crane Arts. This appeal followed.[1]

Sterling contends that the District Court erred by denying his motion to amend his complaint. We review the denial of a motion to amend under Federal Rule of Civil Procedure 15 for an abuse of discretion. *Lorenz v. CSX Corp.*, 1 F.3d 1406, 1413 (3d Cir. 1993). In light of the District Court's reasons for denying Sterling's motion, we conclude that the District Court did not abuse its discretion.

Sterling also challenges the District Court's order granting the motion to dismiss Sterling's due process and contract claims. We exercise plenary review of a Rule 12(b)(6)

dismissal. *Glover v. FDIC*, 698 F.3d 139, 144 (3d Cir. 2012). We agree with the District Court that Sterling's due process claim against the City fails as a matter of law under *Monell v. Department of Social Services*, 436 U.S. 658, 694 (1978). For substantially the same reasons as those given by the District Court, we conclude that the Court appropriately dismissed Sterling's breach of an implied contract claim.

Sterling also advances numerous grounds on which the District Court allegedly erred by granting summary judgment in favor of the RDA. None of his arguments have merit. We agree with the District Court that, given the circumstances and transactions at issue, Sterling's substantive due process claim fails because the RDA's reentry and execution of a reverter deed does not shock the conscience. *See United Artists Theatre Circuit, Inc. v. Twp. of Warrington*, 316 F.3d 392, 399 (3d Cir. 2003) (citing *Cnty. of Sacramento v. Lewis*, 523 U.S. 833, 846-48 (1998)). We also agree with the District Court's conclusion that Sterling's procedural due process claim is time-barred and that the continuing violation doctrine is inapplicable in light of the specific notice Sterling received on February 21, 2008. *Cowell v. Palmer Twp.*, 263 F.3d 286, 295 (3d Cir. 2001). Even if Sterling's procedural due process claim were timely filed, we agree with the District Court that the claim fails because Sterling's interest in the N. American Street premises was not unconditional and because Sterling was afforded notice of his default and the consequences of failing to remedy his default.

Finally, Sterling asserts that the District Court erred in granting summary judgment in favor of the RDA on Count III of his complaint, which alleged a claim of conversion by the RDA. Sterling does not contend that the District Court's legal analysis was erroneous. Instead, he contends that the gravamen of his claim was that there was an unlawful taking of real property

---

[1] The District Court exercised jurisdiction under 28 U.S.C. §§ 1331 and 1367. We

4

in violation of the United States Constitution. Because Sterling failed to provide any citations to legal authority to support such a claim, we deem this issue abandoned. *Kost v. Kozakiewicz*, 1 F.3d 176, 182 (3d Cir. 1993).

Because we have concluded that summary judgment was appropriately granted in favor of the RDA, we need not address Sterling's argument that the District Court erred by granting the RDA's motion to exclude Sterling's expert's report.

For the reasons set forth above, we will affirm the orders of the District Court.

exercise final order jurisdiction under 28 U.S.C. §1291.